UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VASHTI R. COLE,

       Plaintiff,

vs.                            CASE NO. 3:06-cv-226-J-25HTS

UNITED STATES POSTAL SERVICE
and MICHAEL BOYLE,

       Defendants.
_____

**O R D E R**

This cause is before the Court on the request to proceed *in forma pauperis* contained in the Affidavit of Indigency (Doc. #2; Petition), filed on March 10, 2006. Upon review of the document entitled Title of Your Pleading (Doc. #1; Complaint), also filed on March 10, 2006, it is determined the suit may be subject to dismissal.

Under 28 U.S.C. § 1915(a), courts may permit a litigant to proceed *in forma pauperis* if the litigant avers in an affidavit that he or she is unable to bear the fees and costs concomitant with a lawsuit. As recognized by the United States Supreme Court, "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Thus, the Court is

empowered with the discretion to dismiss the action, *sua sponte,* if it is frivolous or malicious. *See id.* A suit "is frivolous where it lacks an arguable basis either in law or in fact." *Id.* at 325. Dismissal of a complaint pursuant to this principle should be ordered only if the complaint relies on clearly meritless legal theories, *see id.* at 327, or where the facts asserted therein "are 'clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 327).

The statute also requires the Court to dismiss the case if it determines the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). However, a court should not dismiss pursuant to § 1915 for failure to state a claim without "granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (citation and internal quotation marks omitted); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1308 n.7 (11th Cir. 2004) (per curiam).

The Complaint states merely that Ms. Cole was informed by one of the named defendants "that he was doing a fact finding

investigation [i]mplemented by the United States [P]ost [O]ffice. Since this time [she has not] been to work." Complaint at 1.  From the text of the pleading, the Court is unable to discern what cause of action Plaintiff seeks to bring.  However, she will be given the opportunity to file an amended complaint.  The amended complaint should contain facts and allegations that adhere to the requirements of Rule 8(a), Federal Rules of Civil Procedure, including the need for "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"

Accordingly, the Petition (Doc. #2) is taken under advisement to allow Plaintiff to file her amended complaint, as set forth herein, within ten (10) days from the date of this Order.  Failure to file an amended complaint within the specified time period may result in a recommendation that this action be dismissed for failure to prosecute pursuant to Rule 3.10(a), Local Rules, United States District Court, Middle District of Florida.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of March, 2006.

/s/      Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record
    and *pro se* parties, if any

3