```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      JACKSONVILLE DIVISION
```

VASHTI R. COLE,

       Plaintiff,

vs.                                    CASE NO. 3:06-cv-226-J-25HTS

UNITED STATES POSTAL SERVICE
and MICHAEL BOYLE,

       Defendants.

_____

## REPORT AND RECOMMENDATION[1]

Plaintiff filed this suit on March 10, 2006, seeking to proceed *in forma pauperis*. *See* Affidavit of Indigency (Doc. #2; Motion), filed on March 10, 2006. However, the Court was "unable to discern what cause of action [she sought] to bring." Order (Doc. #3; Order), entered on March 17, 2006, at 3. Accordingly, she was permitted an opportunity to file an amended complaint. *Id.*

Under 28 U.S.C. § 1915(a), courts may permit a litigant to proceed *in forma pauperis* if the litigant avers in an affidavit that he or she is unable to bear the fees and costs concomitant

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

with a lawsuit.  As recognized by the United States Supreme Court, "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Thus, the Court is empowered with the discretion to dismiss the action, *sua sponte*, if it is frivolous or malicious.  *See id.*  A suit "is frivolous where it lacks an arguable basis either in law or in fact."  *Id.* at 325. Dismissal of a complaint pursuant to this principle should be ordered only if the complaint relies on clearly meritless legal theories, *see id.* at 327, or where the facts asserted therein "are 'clearly baseless.'"  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 327).

The statute also requires the Court to dismiss the case if it determines the action "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  "The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and so courts apply the same standard in both contexts.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  Still, a court should not dismiss pursuant to § 1915 for failure to state a claim without, as the Court did here, "granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."

*Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (citation and internal quotation marks omitted); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1308 n.7 (11th Cir. 2004) (per curiam).

In response to the Order, Plaintiff has filed a one-page untitled document in letter form (Doc. #4; Amended Complaint). However, she has not presented allegations demonstrating entitlement to relief. She writes that she "need[s] assistance for los[t] wages[,] time-loss and . . . wrongful termination[.]" Amended Complaint. The termination,[2] she alleges, resulted from "a fact-finding" that produced "inconclusive evidence." *Id.* Such generic allegations are not sufficient to state a claim for relief.[3]

---

[2] Whether she has actually been terminated is unclear because she also claims she cannot "draw unemployment due to currently [being an] employee of [the] United States Post Office[.]" *Id. But see* Motion at 2 (Plaintiff stating her last date of employment with the Postal Service was January 8, 2005).

[3] Further, under some circumstances, exhaustion of administrative remedies is a prerequisite to filing suit in federal court. *See Evans v. United States Postal Serv.*, No. 05 C 5470, 2006 WL 931730, at *2 (N.D. Ill. April 6, 2006). The filings herein do not address the existence of any such remedies and, if available, their exhaustion.

**RECOMMENDATION**

For the foregoing reasons, it is recommended the Motion (Doc. #2) be **DENIED** and this case **DISMISSED** pursuant to 28 U.S.C. § 1915 without prejudice to the filing of a prepaid complaint.

**ENTERED** at Jacksonville, Florida, this 9th day of May, 2006.

/s/    Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Henry Lee Adams, Jr.
United States District Judge

All counsel of record
    and *pro se* parties, if any